**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| TERRENCE WILLIS (K74561),     ) | |
|      ) | |
|      Petitioner,     ) | |
|      ) | Case No. 14 C 9879 |
|      v.     ) | |
|      ) | |
| TARRY WILLIAMS, Warden, Stateville     ) | |
| Correctional Center,     ) | |
|      ) | |
|      Respondent.     ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

AMY J. ST. EVE, District Court Judge:

Before the Court is pro se Petitioner Terrence Willis' petition for a writ of habeas corpus under 28 U.S.C. § 2254(d) and Respondent's motion to dismiss Willis' petition for raising claims that are not cognizable on habeas review brought pursuant to Rule 4 of the Rules Governing Section 2254 cases. For the following reasons, the Court grants Respondent's motion and dismisses Willis' habeas petition with prejudice. Further, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

## BACKGROUND

When considering habeas petitions, federal courts presume that the factual findings made by the last state courts to decide the case on the merits are correct unless the habeas petitioner rebuts those findings by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Jones v. Butler,* 778 F.3d 575, 578 (7th Cir. 2015); *Ford v. Wilson,* 747 F.3d 944, 947 (7th Cir. 2014). Where Willis has not provided clear and convincing evidence to rebut this presumption of correctness, the following background is based on the Illinois Appellate Court's factual findings in *People v. Willis,* Case No. 1-99-2218 (1st Dist. Jan. 24, 2001) (unpublished), and *People v.*

*Willis,* Case No. 1-10-3154 (1st Dist. Nov. 2, 2012) (unpublished).

On November 17, 1997, Willis fatally shot Richard Foster after a verbal confrontation between rival gang members near 63rd Street and Sacramento Avenue in Chicago, Illinois. At his bench trial, Willis' theory was self-defense–Willis testified that he shot Foster because he feared for his life due to gang-related activities. Trial evidence, however, revealed that the police did not recover a gun from Foster and that Foster had been shot three times in the back and once in the wrist. An eyewitness further testified that Foster never had a weapon or gestured like he was reaching for a weapon.

Following his bench trial, the Circuit Court of Cook County rejected Willis' claim that he was acting in self-defense and convicted him of first degree murder. In June 1999, the Circuit Court sentenced Willis to thirty years in prison. Willis appealed his conviction arguing that the State did not prove him guilty beyond a reasonable doubt, that he was denied constitutionally effective assistance of trial counsel under the Sixth Amendment, and that during his sentencing the Circuit Court subjected him to double jeopardy. Relevant to the present habeas petition, Willis specifically argued that he was wrongfully convicted based on the perjured testimony of members of Foster's street gang members. The appellate public defender who represented Willis filed a motion to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), because "no issues of merit exist warranting argument on appeal." On January 24, 2001, the Illinois Appellate Court granted counsel's motion to withdraw and affirmed the Circuit Court's judgment. Willis did not file a petition for leave to appeal ("PLA") to the Supreme Court of Illinois.

Approximately three years later in February 2004, Willis filed a pro se petition for post-judgment relief arguing that his mandatory supervised release term was impermissible. The Circuit Court construed his filing as a petition for post-conviction relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*–without notice to Willis–and summarily dismissed the petition as frivolous and patently without merit. *See* 725 ILCS 5/122–2.1(a)(2). Willis appealed and the Illinois Appellate Court remanded the case to provide Willis an opportunity to amend or withdraw his post-conviction petition. *See People v. Shellstrom,* 216 Ill.2d 45, 57-58, 833 N.E.2d 863, 295 Ill.Dec. 657 (2005).

On remand, Willis filed two pro se supplements to his post-conviction petition on October 20, 2006, and January 22, 2007, respectively. Appointed counsel filed an amended post-conviction petition on May 21, 2010, that incorporated Willis' pro se filings. Relevant to the present habeas petition, Willis' amended petition alleged a claim of actual innocence based on affidavits in which the affiants, who were Willis' fellow inmates, stated that they observed a bystander removing a gun from Foster's waistband after Willis shot him. The Circuit Court denied Willis' post-conviction petition on October 13, 2010.

Willis then filed a notice of appeal and the Illinois Appellate Court appointed an appellate public defender who filed a motion to withdraw pursuant to *Pennsylvania v. Finley,* 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987), arguing that the affidavits Willis provided were insufficient to make the requisite substantial showing of actual innocence. On November 2, 2012, the Illinois Appellate Court granted counsel's *Finley* motion concluding that Willis had "no issues of arguable merit to be raised on appeal." Willis maintains that the Supreme Court of Illinois denied his PLA in November 2013.

### III.    Habeas Petition

In December 2014, Willis filed the present pro se habeas petition under 28 U.S.C. § 2254(d).  Construing his pro se habeas petition liberally, *see Ambrose v. Roeckeman,* 749 F.3d 615, 618 (7th Cir. 2014), Willis brings the following claims: (1) post-conviction appellate counsel was ineffective in violation of the Sixth Amendment; and (2) he is actually innocent based on the affidavits he submitted during his Illinois post-conviction proceedings.

## LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "a petitioner in custody pursuant to a state court judgment may receive a writ of habeas corpus 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Gilbert v. McCulloch*, 776 F.3d 487, 491 (7th Cir. 2015) (quoting 28 U.S.C. § 2254(a)); *see also Cullen v. Pinholster,* ___ U.S. ___, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011) ("As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner.").  As the Seventh Circuit instructs, "[t]he remedial power of a federal habeas court is limited to violations of the petitioner's federal rights, so only if a state court's errors have deprived the petitioner of a right under federal law can the federal court intervene." *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004); *see also Estelle v. McGuire,* 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991) ("habeas corpus relief does not lie for errors of state law.").  "To say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet,* 390 F.3d at 511 (citation omitted).

# ANALYSIS

## I.      Ineffective Assistance of Post-Conviction Counsel Claim

Willis' first habeas claim is that his post-conviction appellate counsel was constitutionally ineffective in violation of the Sixth Amendment.  It is well-established, however, that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."  *See* 28 U.S.C. § 2254(i); *Martinez v. Ryan,* ___ U.S. ___, 132 S.Ct. 1309, 1320, 182 L.Ed.2d 272 (2012) (§ 2254(i) precludes a habeas petitioner "from relying on the ineffectiveness of his postconviction attorney as a 'ground for relief.'")  Put differently, Willis did not have a Sixth Amendment right to counsel for his Illinois post-conviction proceedings.  *See Coleman v. Thompson*, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).  Therefore, Willis' first habeas claim is without merit and the Court grants Respondent's motion to dismiss this claim.

## II.      Actual Innocence Claim

Next, construing his pro se habeas petition liberally, Willis brings an actual innocence claim in his habeas petition.  As the United States Supreme Court teaches "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."  *Herrera v. Collins,* 506 U.S. 390, 404, 113 S.Ct. 853, 122 L.Ed.2d 203 (1993).  Indeed, in 2013, the United States Supreme Court explained that it "has not resolved whether a prisoner may be entitled to habeas relief based on a freestanding actual-innocence claim."  *McQuiggin v. Perkins*, ___ U.S. ___, 133 S.Ct. 1924, 1926, 185 L.Ed.2d 1019 (2013).  The Court notes, however, unlike federal habeas claims, Illinois courts recognize actual innocence claims as free standing claims based on

the Illinois Constitution. *See People v. Washington,* 171 Ill.2d 475, 489, 665 N.E.2d 1330, 216 Ill.Dec. 773 (1996).

In the alternative, Willis contends that the Illinois Appellate Court erred in affirming the Circuit Court of Cook County's finding that the affidavits presented in support of his actual innocence claim were not material. This claim is based on a state law evidentiary issue that does not implicate Willis' federal constitutional rights. *See Ruhl v. Hardy,* 743 F.3d 1083, 1098 (7th Cir. 2014); *see also Perruquet,* 390 F.3d at 511 ("Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review.").

In sum, Willis' actual innocence claims are not cognizable on habeas review because they are not federal constitutional claims, therefore, the Court grants Respondent's motion to dismiss these claims.[1]

## III.     Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Willis a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2) in the present order. *See Gonzalez v. Thaler,* ___ U.S. ___, 132 S.Ct. 641, 649 n.5, 181 L.Ed.2d 619 (2012).

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, instead, he must first request a certificate of appealability. *See Miller-El v.*

---

[1] Willis' arguments made for the first time in his reply brief dated May 20, 2015, regarding the timeliness of his habeas petition are of no moment as the Court is denying Willis' habeas petition on a different basis, namely, his claims are not cognizable on collateral review.

*Cockrell,* 537 U.S. 322, 335, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Moreover, a habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *See Miller-El,* 537 U.S. at 336; *Thomas v. Zatecky,* 712 F.3d 1004, 1006 (7th Cir. 2013); 28 U.S.C. § 2253(c)(2). Under this standard, Willis must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El,* 537 U.S. at 336 (quoting *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)).

Willis has failed to make a substantial showing of the denial of a constitutional right because he has not sufficiently explained why jurists of reason would debate that the Court should have resolved the present habeas petition in a different manner. *See Peterson v. Douma,* 751 F.3d 524, 528 (7th Cir. 2014). Therefore, the Court declines to certify any issues for appeal. *See* 28 U.S.C. § 2253(c)(2).

## CONCLUSION

For these reasons, the Court grants Respondent's motion to dismiss and dismisses Willis' petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254(d). Further, the Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

**Dated:** May 22, 2015

ENTERED

**AMY J. ST. EVE**
**United States District Judge**